**Janice Diane BARGER, Plaintiff,**

v.

**STATE OF KANSAS; Emporia State University; Dr. John E. Visser; Stephen F. Davis; Richard F. Ishler; and Kala M. Stroup, Defendants.**

**Civ. A. No. 85-4006.**

United States District Court,
D. Kansas.

Nov. 4, 1985.

Kenneth F. Crockett, Tilton, Dillon, Beck & Crockett, Topeka, Kan., for plaintiff.

Karen A. Nichols, Asst. Atty. Gen., Topeka, Kan., Robert D. Benham, McAnay, Van Cleave & Phillips, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This case is before the court on defendants' motions to dismiss plaintiff's conspiracy claims arising under 42 U.S.C. § 1985; to dismiss plaintiff's claims against the State of Kansas and Emporia State University arising under 42 U.S.C. §§ 1983, 1985 and 1988; for summary judgment on all of plaintiff's claims against the individual defendants in their official and individual capacities; and for oral argument on said motions.

This is a sex discrimination action arising under 42 U.S.C. §§ 1983, 1985 and 1988 and Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, *et seq.* Plaintiff seeks actual and punitive damages and attorney's fees against the State of Kansas and Emporia State University [hereinafter ESU] and the individual defendants, Dr. John Visser, Dr. Stephen Davis, Dr. Richard Ishler, and Dr. Kala Stroup, in both their official and individual capacities.

The uncontroverted material facts in this case are as follows. Plaintiff was employed at ESU as a temporary lecturer from August 1978 to May 1983. Plaintiff's temporary lecturer position was abolished on May 17, 1983. At all times pertinent to this action, defendant Dr. John Visser was President of Emporia State University, defendant Dr. Kala Stroup was Vice President for Academic Affairs and Dr. Richard Ishler was Dean of the School of Education. Defendant Dr. Stephen Davis became Chairperson of the Psychology De-

partment at ESU on June 18, 1979, and continued in that position at all times relevant to this action.

## I. *Oral Argument.*

Defendants have moved for oral argument on their motions for summary judgment and dismissal. Because the court does not believe that argument would be helpful in this case, defendants' motion shall be denied. *See* Rule 15(d), Rules of Practice of the United States District Court for the District of Kansas.

## II. *Dismissal.*

The court may not dismiss plaintiff's complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the factual allegations of the complaint must be accepted as true and all reasonable inferences must be made in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). Motions to dismiss are generally viewed with disfavor and are rarely granted. 5 Wright & Miller, *Federal Practice and Procedure* § 1357 at 598.

### A. *Claims Against the State of Kansas and Emporia State University Arising Under Sections 1983, 1985 and 1988.*

Defendants State of Kansas and Emporia State University move for dismissal of plaintiff's claims arising under 42 U.S.C. §§ 1983, 1985 and 1988 on the ground that they are immune under the Eleventh Amendment. For the following reasons, defendants' motion will be granted.

▪ It is well settled that the Eleventh Amendment, in the absence of consent, bars suit against the state or one of its agencies or departments in federal court.

*See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (*per curiam* ). This bar applies regardless of the nature of the relief sought. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 908; *Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933).

▪ It is also well settled that universities established by the State of Kansas and governed by the Kansas Board of Regents share the state's Eleventh Amendment immunity. *Brennan v. University of Kansas,* 451 F.2d 1287, 1290–91 (10th Cir.1971); *Billings v. Wichita State University,* 557 F.Supp. 1348, 1350 (D.Kan.1983). Defendant Emporia State University is such a university,[1] and is therefore immune.

▪ Plaintiff argues that the Kansas Legislature's enactment of the Kansas Tort Claims Act, K.S.A. 75–6101 *et seq.,* is evidence that the state has waived its immunity. This argument is totally without merit. K.S.A. 75–6118 expressly provides that the Kansas Tort Claims Act shall not be construed as a waiver of Eleventh Amendment immunity. This is also the past holding of this court. *See Billings,* 557 F.Supp. at 1351.

▪ Plaintiff also argues that Congress intended to override the Eleventh Amendment grant of immunity by enacting the Civil Rights Act. This argument was expressly rejected by the Supreme Court in *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Accordingly, it follows that plaintiff's sections 1983 and 1985 claims are barred by the Eleventh Amendment and must be dismissed.

▪ It also follows that plaintiff's claims under section 1988 against the State and Emporia State University are barred. Section 1988 provides for the award of attorney's fees only to a "prevailing party" under sections 1981, 1983, 1985 or 1986. Be-

---

**1.** Emporia State University is defined by statute as a "state educational institution," [*see* K.S.A. 76–711(a) ], which is a state agency operated and managed under the Kansas Board of Regents [*see* K.S.A. 76–712].

cause plaintiff is barred from suing the State and ESU because of immunity, plaintiff cannot be said to "prevail" for purposes of section 1988. *Pitts v. Kansas Board of Dental Examiners*, No. 84–4207 (D.Kan., *unpublished*, Jan. 17, 1985). Thus, plaintiff's claim against the State and ESU under section 1988 must also be dismissed.

### B. *Conspiracy Claims Arising Under 42 U.S.C. § 1985.*

All defendants move for dismissal of plaintiff's section 1985 conspiracy claims for failure to state a claim upon which relief can be granted. Because we have concluded that the State of Kansas and Emporia State University are immune from suit, we will restrict our discussion of this issue to the conspiracy claims against the individual defendants.

Defendants first argue that no section 1985(3) conspiracy could have existed because the University and its officials constitute a single entity that cannot conspire with itself.[2] This argument is based on the general rule that agents of a corporation comprise one legal entity and therefore cannot conspire for purposes of section 1985(3). *See, e.g., Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir.1972). This court has applied this rule to government agents and employees acting in their *official* capacities. *See Scott v. City of Overland Park*, 595 F.Supp. 520, 527 (D.Kan. 1984). *See also Davidson v. Yeshiva University*, 555 F.Supp. 75, 79–80 (S.D.N.Y. 1982); *Buntin v. Board of Trustees of Virginia Supplemental Retirement System*, 548 F.Supp. 657, 660 (W.D.Va.1982); *Zentgraf v. Texas A & M University*, 492 F.Supp. 265, 272–73 (S.D.Tex.1980); *Johnson v. Brelje*, 482 F.Supp. 125, 130 (N.D.Ill. 1979). *But see Jacobs v. Board of Regents*, 473 F.Supp. 663, 670–71 (S.D.Fla. 1979); *Jackson v. University of Pitts-*

*burgh*, 405 F.Supp. 607, 612–13 (W.D.Pa. 1975).

■ We have refused to apply this rule, however, to government employees acting in their *individual* capacities. *See Scott*, 595 F.Supp. at 527; *Rivas v. State Board for Community Colleges*, 517 F.Supp. 467, 472 (D.Colo.1981); *Edmonds v. Dillin*, 485 F.Supp. 722, 729 (N.D.Ohio 1980). Thus, to the extent that plaintiff has alleged that defendants conspired in their official capacities, plaintiff has not stated a claim under section 1985(3).

■ With respect to plaintiff's conspiracy claims against the defendants in their individual capacities, defendants argue that plaintiff has failed to adequately plead any conspiracy. Defendants contend that plaintiff's complaint contains only conclusory allegations of conspiracy and pleads no facts showing the necessary agreement and concerted action. We concur.

In *Griffin v. Breckenridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), the Supreme Court provided the following criteria for measuring whether a complaint states a cause of action under section 1985(3):

> To come within the legislation a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

2. Section 1985(3) provides in pertinent part:
 If *two or more persons* in any State or Territory *conspire* ... for the purpose of depriving ... any person or class of persons the equal protection of the laws, or of equal privileges and immunities under the laws ... the

party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C. § 1985(3) (emphasis added).

■ The Tenth Circuit has held that mere conclusory allegations of a conspiracy with no supporting factual averments are insufficient to state a claim under section 1985(3). *See Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983); *Clulow v. State of Oklahoma*, 700 F.2d 1291, 1303 (10th Cir.1983). To state a cause of action under section 1985(3), the pleadings "must specifically present facts tending to show agreement and concerted action." *Sooner Products*, 708 F.2d at 512 (citing *Clulow*, 700 F.2d at 1303). We find that plaintiff has alleged no facts tending to show any agreement or concerted action between the individual defendants in their individual capacities.

We note, however, that the Tenth Circuit has warned that "caution is advised in any pre-trial disposition of conspiracy allegations in civil rights actions." *Clulow*, 700 F.2d at 1303 (citing *Fisher v. Shamburg*, 624 F.2d 156, 162 (10th Cir.1980). We will therefore grant plaintiff leave to amend her complaint to plead specific facts, if any, showing an agreement or concerted action between the individual defendants in their individual capacities.

### III. *Summary Judgment.*

Summary judgment is proper when the matters considered by the court disclose that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must look at the record in the light most favorable to the party opposing the motion. *Prochaska v. Marcoux*, 632 F.2d 848, 850 (10th Cir. 1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981). Before summary judgment may be granted, the moving party must establish that it is entitled to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985). Once the moving party has properly supported its motion, however, the opposing party must respond with specific facts that demonstrate the existence of a genuine factual issue to be tried, *Otteson v. United States*,

622 F.2d 516, 520 (10th Cir.1980), and may not rest upon the mere allegations or denials of his pleading. Fed.R.Civ.P. 56(e).

### A. *Claims Against the Individual Defendants in Their Official Capacities.*

■ The individual defendants Visser, Stroup, Ishler and Davis move for summary judgment on all claims made against them in their official capacities on the ground that these claims are barred by Eleventh Amendment immunity. We agree that the individual defendants are immune from suit in their official capacities for claims under sections 1983 and 1988, but not for claims under Title VII.

■ It is the well settled rule that state university employees who are sued in their official capacities are protected by the Eleventh Amendment. *Beck v. Kansas University Psychiatry Foundation*, 580 F.Supp. 527, 538 (D.Kan.1984); *Wrenn v. State of Kansas*, 561 F.Supp. 1216, 1220 (D.Kan.1983); *Billings v. Wichita State University*, 557 F.Supp. 1348, 1350–51 (D.Kan.1983). *See generally Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). One exception to this general rule is that state employees are not protected by the Eleventh Amendment when sued in their official capacities for injunctive relief. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 102, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984). Plaintiff in this case, however, is not seeking such relief.

■ A second exception to this rule exists when Congress, exercising the powers granted by Section 5 of the Fourteenth Amendment, chooses to abrogate state immunity from suit in federal court. In *Fitzpatrick v. Bitzer*, 427 U.S. 445, 451–56, 96 S.Ct. 2666, 2669–71, 49 L.Ed.2d 614 (1976), the Supreme Court expressly held that Congress clearly intended to subject a state to suit in federal court under Title VII. Thus, Title VII suits against state employees in their official capacities are not barred by the Eleventh Amendment. With respect to suits under section 1983, how-

ever, the Supreme Court has found no Congressional intent to abrogate state immunity from suit under the Civil Rights Act. *Quern v. Jordan,* 440 U.S. 332, 343–45, 99 S.Ct. 1139, 1146–47, 59 L.Ed.2d 358 (1979). Thus, suits against state employees in their official capacities under section 1983 are barred by the Eleventh Amendment. *Id.*

We therefore conclude that defendants' motion for summary judgment on all claims against the defendants in their official capacities shall be denied with respect to plaintiff's Title VII claims and granted with respect to plaintiff's sections 1983 and 1988 claims.

, B. *Claims Against the Individual Defendants in Their Individual Capacities.*

The individual defendants Visser, Stroup, Ishler and Davis also move for summary judgment on all claims against them in their individual capacities on the ground that the Eleventh Amendment bars a federal court from entering a money judgment against the defendants individually. Defendants' argument is based on provisions in K.S.A. 75–6116 that require the state to pay any judgment against a state employee who is held liable for a violation of civil rights laws. Because such judgments are paid from the state treasury,[3] defendants argue they are barred by the Eleventh Amendment.

Section 75–6116(a) reads in pertinent part:

> If an employee of a governmental entity is or could be subject to personal civil liability on account of a noncriminal act or omission which is within the scope of the employee's employment and which allegedly violates the civil rights laws of the United States or of the state of Kan-

sas, the governmental entity shall provide for the defense of any civil action or proceeding which arises out of the act or omission and *which is brought against the employee in the employee's official or individual capacity or both* .... If the employee's act or omission giving rise to the action or proceeding was not the result of actual fraud or actual malice and the employee reasonably cooperates in good faith in defense of the action or proceeding, the governmental entity, subject to any procedural requirements imposed by statute, ordinance, resolution or written policy, shall pay or cause to be paid any judgment or settlement of the claim or suit and all costs and fees incurred by the employee in defense thereof.

K.S.A. 75–6116(a) (1984) (emphasis added).

This court has never specifically addressed the issue of Eleventh Amendment immunity for state officials with respect to the provisions of K.S.A. 75–6116. We have, however, consistently held that suits against state officers in their individual capacities are not barred by the Eleventh Amendment. *See, e.g., Beck v. Kansas University Psychiatry Foundation,* 580 F.Supp. 527, 538 (D.Kan.1984); *Wrenn v. State of Kansas,* 561 F.Supp. 1216, 1220 (D.Kan.1983). We have allowed such suits to proceed on the theory that when an officer acts unconstitutionally, he is "stripped of his official or representative character and is subjected to the consequences of his official conduct." *Ex parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908). *See also Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 102, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984); *Florida Department of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684–85, 102 S.Ct. 3304,

---

**3.** K.S.A. 75–6117 provides for payment of such judgments. It reads in part:

> (a) There is hereby established in the state treasury the tort claims fund which shall be administered by the attorney general.
>
> (b) Moneys in the tort claims fund shall be used only for the purpose of paying (1) compromises, settlements and final judgments arising from claims against the state or an employee of the state under the Kansas tort

claims act or under the civil rights laws of the United States or of the state of Kansas and (2) costs of defending the state or an employee of the state in any actions or proceedings on those claims .... To the extent that payment cannot be made from insurance coverage obtained therefor, payment of a final judgment shall be made from the fund....

K.S.A. 75–6117 (1984).

3314, 73 L.Ed.2d 1057 (1982); *Scheuer v. Rhodes*, 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974).

 As defendants correctly assert, the Eleventh Amendment does, however, bar such suits if the judgments are to be paid by the state. In *Treasure Salvors*, the Supreme Court stated:

> [T]he [Eleventh] Amendment places a limit on the relief that may be obtained by the plaintiff. If the action is allowed to proceed against the officer only because he acted without proper authority, the judgment may not compel the State to use its funds to compensate the plaintiff for the injury.

458 U.S. at 689, 102 S.Ct. at 3317. Defendants thus argue that because K.S.A. 75–6116 provides for payment by the state of any judgment for a civil rights violation against a state official in his individual capacity, suits against the official in his individual capacity are barred.

We are not persuaded by defendants' arguments. Every court to consider the effect of similar statutes has reached the conclusion that such suits are not barred by the Eleventh Amendment. *See Ronwin v. Shapiro*, 657 F.2d 1071, 1074–75 (9th Cir.1981); *Downing v. Williams*, 624 F.2d 612, 626 (5th Cir.1980), *vacated on other grounds*, 645 F.2d 1226 (1981); *McAdoo v. Lane*, 564 F.Supp. 1215, 1219–20 (N.D.Ill. 1983); *Broome v. Percy*, 470 F.Supp. 633, 635–36 (E.D.Wis.1979); *Palmer v. Penn-Ohio Road Materials, Inc.*, 470 F.Supp. 1199, 1203 (W.D.Pa.1979); *Ware v. Percy*, 468 F.Supp. 1266, 1268 (E.D.Wis.1979).

These decisions are predicated on the rationale that such statutes are merely attempts by the state to protect its employees and ensure that meritorious claims are paid. *See Palmer*, 470 F.Supp. at 1203. The statutes are simply agreements between the state and its employees and cannot be converted into a basis for Eleventh Amendment immunity by the state. *Downing*, 624 F.2d at 626. To hold otherwise would allow states, by passing indemnity statutes, to use sovereign immunity as a defense for all persons sued in their individual capacities under section 1983. *Id.* This would have the incongruous result of creating a special fund to compensate victims of civil rights violations, but denying payment to the intended beneficiaries because they sought relief in the federal courts. *Palmer*, 470 F.Supp. at 1203.

Furthermore, these statutes are *voluntary* decisions by the state to indemnify or pay their employees' judgments. As the court in *McAdoo, supra*, noted:

> The eleventh amendment requires only that nothing in this court's judgment *compel* the state to pay the judgment .... [S]ince our judgment will in no way *compel* the state to indemnify plaintiffs, this action is not against the state within the meaning of the eleventh amendment; it is brought only against named individuals and hence is not barred by the amendment.

564 F.Supp. at 1219 (emphasis added).[4]

 In light of the foregoing, we conclude that K.S.A. 75–6116 does not present an Eleventh Amendment bar to section 1983 suits against state officials in their individual capacities. Summary judgment on plaintiff's claims against the individual defendants in their individual capacities is therefore inappropriate.

IT IS THEREFORE ORDERED that the motion by defendants Visser, Stroup, Ishler and Davis for summary judgment on all claims against them in their individual capacities is denied.

IT IS FURTHER ORDERED that defendants' motion for oral argument is denied.

IT IS FURTHER ORDERED that the motion by defendants State of Kansas and

---

4. See also L. Tribe, *American Constitutional Law* at 133, n. 22 (1978):

> Such a voluntary assumption of an officer's liability ought to be insufficient to create eleventh amendment immunity. In the parallel case of intergovernmental tax immunities, assumption by the federal executive of state taxes levied against a private party is not enough to create tax immunity. For the same reasons, a state should not be able to turn a purely intramural arrangement with its officers into an extension of sovereign immunity.

Emporia State University to dismiss plaintiff's claims arising under 42 U.S.C. §§ 1983, 1985 and 1988 is granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's claims arising under 42 U.S.C. § 1985 is granted with respect to defendants Visser, Stroup, Ishler and Davis in their official capacities. With respect to said defendants in their individual capacities, plaintiff is granted leave to amend her complaint to plead her conspiracy claim. Plaintiff shall have ten (10) days from the date of this order to file her amended claim and defendants shall have ten (10) days thereafter to answer. If plaintiff fails to file an amended complaint, plaintiff's section 1985 claims against defendants Visser, Stroup, Ishler and Davis in their individual capacities shall be dismissed.

IT IS FURTHER ORDERED that the motion by defendants Visser, Stroup, Ishler and Davis for summary judgment on all claims against them in their official capacities is denied with respect to plaintiff's Title VII claims and granted with respect to plaintiff's claims arising under 42 U.S.C. §§ 1983 and 1988.