Katherine PHELPS, et al., Plaintiffs,

v.

**WASHBURN UNIVERSITY OF TOPEKA, et al., Defendants.**

Civ. A. No. 84–4225–S.

United States District Court, D. Kansas.

April 1, 1986.

Fred W. Phelps, Sr., Phelps Chtd., Fred W. Phelps, Jr., Topeka, Kan., for plaintiffs.

Richard H. Seaton, Everett, Seaton & Knopp, Manhattan, Kan., Arthur E. Palmer, Marla J. Luckert, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss. Defendants base their motion on two grounds. First, plaintiffs' complaint restates allegations previously made in two other suits before this court. Second, plaintiffs have failed to state a claim upon which relief can be granted.

This action involves allegations by plaintiffs that they have been discriminated against in denial of their application for law school admission on the grounds of reverse discrimination, plaintiffs' association with minorities, and in retaliation of a civil rights suit filed by plaintiffs against defendants. In the present suit, plaintiffs also allege that defendants wrongfully denied plaintiffs their right to a grievance process.

■ The court will first address defendants' contention that plaintiffs' claims should be barred by the doctrine of res judicata. The doctrine of res judicata includes both "claim preclusion" and "issue preclusion." Res judicata seeks to bar subsequent actions between parties on matters, the merits of which the parties have previously litigated. *Guarantee Acceptance Corp. v. Fidelity Mortgage Investors*, 544 F.2d 449 (10th Cir.1976); *Thompson-Hayward Chemical Co. v. Cyprus Mines Corp.*, 8 Kan.App. 487, 660 P.2d 973, 975 (1983). This long-established doctrine is based on a policy of preventing endless or repetitive litigation by effectively coercing the plaintiff to present all of his grounds for recovery in the first proceeding. *Spence v. Latting*, 512 F.2d 93 (10th Cir. 1975). Res judicata bars relitigation of claims for relief by the parties which have once been litigated and resulted in a final judgment, as well as claims that should have been litigated in the first action but were not. *Vance v. State of Utah*, 744 F.2d 750, 752 (10th Cir.1984). The principle of res judicata bars relitigation of the same claim even where a new theory is advanced as a basis of relief in the second suit. *United States v. Stuart*, 689 F.2d 759, 762 (8th Cir.1982). *See e.g. Brown v. Felsen*, 442 U.S. 127, 131–32, 99 S.Ct. 2205, 2209–10, 60 L.Ed.2d 767 (1978).

■ The court notes that in a prior action brought by the parties, *Phelps v. Washburn University*, No. 83–4198 (filed July 1, 1983) [hereinafter *Phelps* I], plaintiffs stated a cause of action for denial of admission to Washburn University School of Law in violation of 42 U.S.C. § 1981, § 1983, § 1985, and § 2000e and the first and fourteenth amendments. Specifically, plaintiffs claimed they were discriminated against in retaliation of plaintiffs' association with minorities. In paragraph 9(h) of the plaintiffs' previous complaint filed in *Phelps* I, plaintiffs stated that defendants utilized grievance procedures in bad faith. On June 5, 1984, a second complaint, *Phelps v. Washburn*, No. 84–4199 [hereinafter *Phelps* II], was filed against the same defendants alleging a cause of action pursuant to 42 U.S.C. § 1981, § 1983, § 1985(2), and the first and fourteenth

amendments. The basis for such claims was defendants' alleged denial of plaintiffs' admissions to law school on the basis of reverse discrimination, association with minorities, and retaliation for plaintiffs filing a lawsuit. No allegation as to the denial of a grievance procedure was contained in the complaint in *Phelps* II. A final judgment was entered by the Honorable Judge Theis in *Phelps* I on February 10, 1986, 632 F.Supp. 455, granting defendants' motion for summary judgment.

After comparing the complaint in *Phelps* I with the action filed in the present suit [*Phelps* III], the court finds that res judicata should bar plaintiffs from relitigating some of their claims. The defendants correctly state that with the exception of the allegation of the defendants' denial of a grievance process and an allegation of reverse discrimination in *Phelps* III, the complaints state virtually the same claim for relief. But plaintiffs state that the heart of this action (*Phelps* III), is the denial of the grievance process due to plaintiffs filing a lawsuit. Further, plaintiffs claim that their claims relating to discrimination in the admissions process should remain as a means of showing background for the denial of the grievance procedure. The court finds this argument to be meritless. The court finds that the doctrine of res judicata effectively bars all claims alleged by the plaintiffs relating to discrimination in the denial of plaintiffs' admissions to law school.

■ As to plaintiffs' claims of discrimination with regard to defendants' denial of the grievance procedure, the court, in an abundance of caution, finds that res judicata does not bar such a claim. When viewing plaintiffs' complaint in the most favorable light, the court cannot state with certainty that this cause of action accrued prior to *Phelps* I and could have been litigated at that time. The court is uncertain whether plaintiffs are claiming a denial of the grievance procedure based on plaintiffs' filing of the *Phelps* I case. Therefore, the court finds that plaintiffs' claim relating to the denial of a grievance process should not be barred by the doctrine of res judicata.

The court will next address defendants' contention that plaintiffs' claim for denial of a grievance procedure does not state a claim for relief. As a side note, the court would like to cite the discrepancy between plaintiffs' allegation in this action with the finding by the Honorable Judge Theis in his Memorandum and Order dated February 10, 1986. In his Memorandum and Order in *Phelps* I, Judge Theis made extensive factual findings as to the full and adequate opportunity that the plaintiffs had to take complete advantage of and participate in the grievance procedure offered by the defendants after their denial of admission into law school. *See Phelps v. Washburn*, 632 F.Supp. 455 (D.Kan.1986). The court finds Judge Theis' findings to be incongruous with the plaintiffs' allegations that they were denied access to the grievance process. Regardless, the court must not consider the merits of plaintiffs' claims at this time.

■ Plaintiffs claim that a denial of the grievance process violates the due process clause of the fourteenth amendment. To state a claim under the due process clause, the plaintiffs must allege a deprivation of life, liberty, or property. The courts are in agreement that an expectation of receiving process, is not, without more, a liberty or property interest protected by the due process clause of the fourteenth amendment. *See Olim v. Wakinekona*, 461 U.S. 238, 250 n. 12, 103 S.Ct. 1741, 1748 n. 12, 75 L.Ed.2d 813 (1983). Therefore, plaintiffs must have a property or liberty interest to state a cause of action under the due process clause. As Judge Theis states in *Phelps* I, "[t]he admission to a professional school is a privilege and not, standing alone, a constitutional or property right, subject to the exception that the rules and regulations for admission are not discriminatory, arbitrary or unreasonable. *Flemming v. Adams*, 377 F.2d 975, 977 (10th Cir.), *cert. denied*, 389 U.S. 898 [88 S.Ct. 219, 19 L.Ed.2d 216] (1967)." *Id.* at 41–42.

■ The court finds that upon a review of the case law, denial of admission, and a resulting denial of a grievance process, without an underlying charge of dishonesty or publication of reasons for such denial, does not rise to a liberty interest. *See Selman v. Harvard Medical School*, 494 F.Supp. 603, 619 (S.D.N.Y.1980). Further, it is well settled that a person does not have a property interest in admission to law school. *Id.* at 619. The plaintiffs state, however, that they have property rights in participating in the grievance process because the existing rules and regulations of Washburn grant them a legitimate claim of entitlement to the grievance process. The plaintiffs cite case law to support their proposition that the existence of rules and regulations calling for a hearing may rise to a level stating a cause of action for a deprivation of plaintiffs' property interest. *See Plaintiffs' Response to Defendants' Motion to Dismiss*, slip op. at 6–7.

■ The court finds that the facts in the cases cited to be inapposite with the facts in the case at hand. A majority of the cases cited by plaintiffs dealt with a teacher's right to continued employment and that teacher's right to a pre-termination hearing. The court finds it cannot extend the holdings or dicta in those cases to a situation such as this involving a student's expectation of admittance to law school. The court finds that it would be stretching case law too thin to elevate a university's rules governing grievance procedures for denial of admission to the point where they create a property interest protected under the fourteenth amendment. Thus, the court finds that plaintiffs' complaint does not state a cause of action under the due process clause of the fourteenth amendment.

Plaintiffs allege a violation of 42 U.S.C. § 1981. Judge Theis in *Phelps* I held that the plaintiffs' claim of protected status under section 1981 due to plaintiffs' association with a protected class did not state a cause of action under section 1981. *See Phelps v. Washburn*, 634 F.Supp. 556, 570–71 (D.Kan.1986). Therefore, plaintiffs' section 1981 claim must be based on their race. The plaintiffs' complaint may be read to state that plaintiffs were denied the grievance process because of their race, and such conduct of defendants constituted invidious discrimination.

■ Section 1981 reads in part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property...." Defendants claim that plaintiffs have made no allegations that they were denied the grievance process because of their race. In reading the plaintiffs' complaint in a light most favorable to plaintiffs, the court finds that plaintiffs' complaint can be read to state a claim for a denial of the grievance process due to plaintiffs' race. In making such a determination, the court notes that it makes no findings as to the merits of plaintiffs' claim. To state a cause of action for a section 1981, the plaintiff must allege some facts that demonstrate that his race was the reason for the defendant's inaction. *See Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982). The court finds that plaintiffs have sufficiently stated a cause of action pursuant to section 1981. Therefore, the plaintiffs' claim pursuant to section 1981 should not be dismissed for failure to state a claim.

■ In paragraph 7 of plaintiffs' complaint, plaintiffs allege that defendants have no right to short-circuit grievance procedures in violation of their own promulgated rules which they have established under color of state law, in compliance of federal guidelines for the securing of federal tax funds under Title VI. Said conduct of defendants constitutes invidious discrimination in violation of the equal protection and due process clauses of the fourteenth amendment. In reading the plaintiffs' complaint, and the case law cited by both defendants and plaintiffs, the court finds that plaintiff has not stated a cause of

action pursuant to Title VI. Specifically, the court finds that the decision in *Serna v. Portales Municipal Schools*, 499 F.2d 1147, 1154 (10th Cir.1974), to be controlling on this issue. In *Serna* the court stated, "only when a substantial group is being deprived of a meaningful education will a Title VI violation exist." *Id.* at 1154 (citing *Lau v. Nichols*, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974)). The court notes that plaintiffs have cited no case law to support the viability of their claim under Title VI. The court further finds that the regulations cited by the plaintiffs, 34 C.F.R. § 101.1 and § 101.3, do not conclusively grant them authority for bringing a Title VI action. The court therefore finds that plaintiffs' claim pursuant to Title VI should be dismissed for failure to state a claim.

■ Plaintiffs also claim a violation of 42 U.S.C. § 1983. A section 1983 action will only be viable where there has been a deprivation of constitutional right. *See Selman v. Harvard Medical School*, 494 F.Supp. at 618. Paragraph 7 of plaintiffs' complaint cites a violation of the equal protection clause of the fourteenth amendment for defendants' failure to grant grievance process pursuant to their own promulgated rules. Defendants refute plaintiffs' equal protection claim by stating that the rules and regulations providing for a grievance process are in actuality an "election of remedies clause."

■ Specifically, defendants cite language in the regulations which states, "[n]othing in these procedures shall be construed as preventing a grievant or potential grievant from pursuing any other action." The court is not convinced by this reading that this is an election of remedies clause. The court finds that a reasonable interpretation of such language would be to infer that a grievant can file suit or take other action in addition to requesting a grievance hearing. Therefore, the court finds that plaintiffs' complaint can be read to state a cause of action under the equal protection clause of the fourteenth amendment. In light of this finding, the court finds that plaintiffs' claims under 42 U.S.C. § 1983 should not be dismissed.

Defendants cite the case of *Board of Education of Rogers, Ark. v. McCluskey*, 458 U.S. 966, 102 S.Ct. 3469, 73 L.Ed.2d 1273 (1982) for the proposition that this court should not interfere with Washburn's interpretation of its own regulations, specifically the election of remedies clause. The court finds that this case does indeed find that section 1983 did not extend the right to relitigate in federal court questions arising in the proper construction of school regulations. *Id.* at 969, 102 S.Ct. at 3471. The court notes however that the Supreme Court's decision did find that, "[a] case may be hypothesized in which a school board's interpretation of its rules is so extreme as to be a violation of due process...." *Id.* at 970, 102 S.Ct. at 3471. Under the standard enunciated by the court in ruling on a motion to dismiss, the court finds that plaintiffs' complaint could conceivably be read to state a cause of action under the equal protection clause. While the decision in *McCluskey* does limit the court's power to review a school's interpretation of its regulations, the court finds that a school's interpretation may rise to such a degree that a constitutional violation can be claimed.

The decision of *Holt v. Wichita State University*, No. 82–1172 (D.Kan., *unpublished*, June 29, 1984), also supports plaintiffs' claim under the equal protection clause. In *Holt*, the plaintiff complained not of the fact that her tenure application was not reviewed, but of the procedures used for review of her tenure application as a faculty member. The Wichita State University faculty had a handbook which provided that special review procedures would be developed for that department in which Holt was employed. The court found that the plaintiff's only equal protection right in that case was the right to be treated the same as anyone else in her position. The court found that in order for Holt to sustain her equal protection claim, she must show: (1) that she is an applicant at Wichita State University; (2) that her application was reviewed by a different procedure

than used to review other tenure applications; (3) whose tenure application was granted; and (4) who is of different race or sex than that of the applicant. The court found that while the facts proffered for purposes of that summary judgment motion did not show that such a person existed for the finding of a section 1983 claim, the court found that plaintiff should be given an opportunity to proffer such facts.

While this case is not identical to the case at hand, the reasoning of the court is clearly applicable. The court finds that while the plaintiffs' complaint does not state that other applicants of other races were granted a grievance procedure pursuant to the rules and regulations, plaintiffs should be given the opportunity to do so. Therefore, the court finds that the plaintiffs' claim pursuant to the equal protection clause of the fourteenth amendment should not be dismissed for failure to state a claim. Similarly, the court finds that plaintiffs' section 1983 claim should not be dismissed because of the court's finding that plaintiffs have stated a cause of action pursuant to the equal protection clause of the fourteenth amendment.

■ Plaintiffs also allege a claim that defendants' denial of the grievance procedure violated plaintiffs' first amendment rights. Upon a review of the plaintiffs' complaint, and the briefs of the parties, the court finds that plaintiffs have not stated a claim of action for a violation of their first amendment rights. The court cannot read plaintiffs' complaint to infer that defendants' rules and regulations as written providing for a grievance procedure and defendants' denial of that grievance procedure in any way infringed upon plaintiffs' first amendment rights. The court finds defendants' arguments in support of their motion to dismiss plaintiffs' first amendment claim persuasive. Defendants contend that plaintiffs have no right to a hearing simply because they asserted that they were denied admission because of their association with blacks, their father, and civil rights. Such an infringement of first amendment rights, if there is an infringe-

ment, does not give rise to a right to a due process hearing. *See Memorandum in Support of Defendants' Motion to Dismiss*, slip op. at 27. *See also Board of Regents v. Roth*, 408 U.S. 564, 575 n. 14, 92 S.Ct. 2701, 2708 n. 14, 33 L.Ed.2d 548 (1972). In *Roth* the United States Supreme Court stated that, "[w]hatever may be a teacher's rights of free speech, the interest in holding a teaching job at a state university, *simpliciter*, is not itself a free speech interest." Similarly, while the plaintiffs do have a first amendment right of free speech, the denial of a grievance procedure is not in itself a free speech interest. Therefore, the court finds that plaintiffs' claim pursuant to the first amendment should be dismissed.

■ Finally, plaintiffs state a claim pursuant to 42 U.S.C. § 1985(2) which provides that the party may have an action for the recovery of damages:

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, ... or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protections of the laws; ...

The allegations in plaintiffs' complaint can not be read to establish that defendants engaged in any action or conspired to engage in any action which had the purpose of impeding, hindering, obstructing, or defeating plaintiffs' access to the courts. The plaintiff's complaint does allege a violation of equal protection. The court notes, however, that plaintiff has not alleged any facts which tie the actions of the individual defendants and the university as a whole to a conspiracy to violate plaintiffs' individual rights.

The Tenth Circuit has held that mere conclusory allegations of a conspiracy with no supporting factual averments are insufficient to state a claim under section 1985(3). *See Barger v. State of Kansas,* 620 F.Supp. 1432, 1436 (D.Kan.1985). *See e.g. Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983); *Clulow v. State of Oklahoma,* 700 F.2d 1291, 1303 (10th Cir.1983).

The court in *Barger* also noted that government agencies and their employees cannot conspire for purposes of section 1985(3) because they constitute a single entity that cannot conspire with itself. *Id.* at 1435. The court found, however, that government employees acting in their individual capacities are an exception to the single entity rule. The court found that to the extent that plaintiff had alleged that defendants conspired in their official capacities, plaintiff had not stated a claim under section 1985(3). With respect to plaintiffs' conspiracy claims against the defendants in their individual capacities, the court found that a cause of action could be stated if plaintiff alleges facts to show an agreement or concerted action between the individual defendants. *Id.* at 1435–1436. In *Barger,* the court found that plaintiff had alleged no facts tending to show any agreement or concerted action between the individuals in their individual capacities. Based on the Tenth Circuit's warning that "caution is advised in any pretrial disposition or conspiracy allegations and civil rights actions," *Clulow v. State of Oklahoma,* 700 F.2d at 1303, the court in *Barger* granted plaintiff leave to amend her complaint to plead specific facts showing an agreement between the individual defendants in their individual capacities.

Reviewing the plaintiffs' complaint in the case at hand, the court finds that plaintiffs have failed to adequately allege whether defendants were acting in their individual capacities or in their capacities as officials of Washburn University. To the extent that plaintiffs' section 1985(2) claim is based on the defendants' actions in their official capacity, plaintiffs' complaint should be dismissed. Rather than totally dismissing plaintiffs' section 1985(2) claim, however, the court finds that plaintiffs should be given an opportunity to amend their complaint to allege facts which establish a concerted activity, if any, between the individual defendants in their individual capacities to violate plaintiff's right of equal protection.

■ Plaintiffs have filed a motion to list additional witnesses and exhibits. Specifically, plaintiff seeks to add ten additional witnesses and nine additional exhibits. The court finds that since no trial date has been set, the defendants will not be unduly prejudiced by the addition of these witnesses and exhibits. The court therefore finds that plaintiffs' motion to add ten additional witnesses and nine additional exhibits should be granted.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss all of plaintiffs' claims with respect to denial of their admissions into law school is hereby granted. IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claim pursuant to 42 U.S.C. § 1981 for denial of the grievance process on the basis of race should be denied. IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' § 1981 claim on the basis of their association with minorities is hereby granted. IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' § 1983 claim is hereby denied. IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claim pursuant to the due process clause of the fourteenth amendment is hereby granted. IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claim under the equal protection clause of the fourteenth amendment is hereby denied. IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claims pursuant to 42 U.S.C. § 1985(2) is hereby denied. IT IS FURTHER ORDERED that plaintiffs shall be given ten days from the date this order is filed to amend their complaint to sufficiently state a cause of action under 42 U.S.C. § 1985(2). IT IS FUR-

THER ORDERED that defendants' motion to dismiss plaintiffs' first amendment claim is hereby granted. IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' Title VI action is hereby granted. IT IS FURTHER ORDERED that defendants' motion to strike (or alternatively) reply to plaintiffs' supplement to plaintiffs' response to defendants' motion for summary judgment is hereby denied. IT IS FURTHER ORDERED that plaintiffs' motion for leave to file ten additional witnesses and nine additional exhibits is hereby granted.