Leo REIGER, Raymond H. Peplow, Sanford B. McInteer, Albert R. Myers, Edward J. Carney, Darrell J. Russell, William J. Helfferich, Harold D. Sylvis, Samuel F. Riniker, Nicholas J. Edvey, Larry B. Woodward, Rodney W. Jager, Alvin D. Johnson, Samuel S. Thompson, Billy G. Smith, and Lilly Ippert, widow, heir at law, and beneficiary for R.H. Ippert, Plaintiffs,

v.

KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM, Riley County, and City of Manhattan, Defendants.

Civ. A. No. 90–4098–S.

United States District Court,
D. Kansas.

Dec. 11, 1990.

Steven M. Dickson, Dickson & Pope, Topeka, Kan., for plaintiffs.

Daniel P. Kolditz, Office of the Atty. Gen., Topeka, Kan., for Kansas Public Employees Retirement System.

William Scott Hesse, Myers, Pottroff & Ball, Manhattan, Kan., for Riley County.

James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, Kan., William L. Frost, Morrison, Frost and Olsen, Manhattan, Kan., for City of Manhattan.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Kansas Public Employees Retirement System's motion to dismiss. In this action,

---

brought under 42 U.S.C. § 1983, plaintiffs, employees hired by the City of Manhattan, Kansas as police officers prior to 1970, seek monetary damages and equitable relief to restore alleged deficiencies in their pension benefits. Specifically, plaintiffs seek "modification of the current retirement plan structure to restore pension benefits to those law enforcement officers employed prior to 1970 in the same amount and degree as they existed prior to 1974 when the benefits structure was negligently and illegally changed with the contribution of funds necessary to effect such action to be apportioned among those defendants found to be liable for such deficiency; damages for each plaintiff in the amount of $10,000.00 jointly and severally against defendants; and costs, expenses and attorneys fees pursuant to 42 U.S.C. § 1988; and other and further relief as the Court deems just and equitable."

Defendant Kansas Public Employees Retirement System ("KPERS") is an agency of the State of Kansas. *See* K.S.A. 74–4903 (establishing KPERS as an instrumentality of the state of Kansas). KPERS contends that it must be dismissed as a defendant in this action for two reasons. First, KPERS contends that it is entitled to immunity from this suit under the Eleventh Amendment to the United States Constitution. Second, KPERS contends that it is not a "person" for purposes of Section 1983 liability.

■ Upon examination of the parties' arguments and the applicable law, the court finds that defendant KPERS's motion to dismiss must be granted. It is well settled that, in the absence of consent, neither the State of Kansas nor one of its agencies can be sued in federal court because of the Eleventh Amendment. *See Barger v. State of Kansas,* 620 F.Supp. 1432, 1434 (D.Kan.1985). The Eleventh Amendment bar also applies to lawsuits brought under Section 1983 of Title 42, United States Code. *Baker v. Board of Regents,* 721 F.Supp. 270, 274 (D.Kan.1989) (citing *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Freeman v. Michigan Dept. of State,* 808 F.2d 1174

(6th Cir.1987)). Further, the Eleventh Amendment bar applies regardless of the nature of the relief requested against the state agency defendant. *Barger,* 620 F.Supp. at 1434 (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); *Missouri v. Fiske,* 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933)). The court finds plaintiffs' attempts to bring this action against KPERS within an exception to the Eleventh Amendment immunity doctrine unpersuasive; the cases cited by plaintiffs in their response to defendant's motion are, in the court's view, not on point.

■ Lastly, the court also finds defendant's second argument in favor of dismissal persuasive, *i.e.,* that defendant KPERS is not, as a state agency, considered a "person" for purposes of Section 1983 liability. In *Will v. Michigan Dept. of State Police,* 491 U.S. 58, ——, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58 (1989), the United States Supreme Court held that states and state officials acting in their official capacity are not "persons" subject to liability under 42 U.S.C. § 1983. Although *Will* did not expressly mention state agencies in its holding, the Court's reasoning would appear to logically extend to state agencies, which are deemed mere arms of the state. A court in this district has so held. *Croft v. Harder,* 730 F.Supp. 342, 348 (D.Kan. 1989) (state agencies are not persons within the meaning of 42 U.S.C. § 1983). Thus, the court finds that defendant KPERS' motion to dismiss should be granted on this ground as well.

IT IS BY THE COURT THEREFORE ORDERED that the motion to dismiss of defendant Kansas Public Employees Retirement System is granted.