Clark Davenport SNELL; Sharon Ruth Snell, individuals, husband and wife; et al., Plaintiffs,

v.

Mary ASBURY, in her individual capacity; Michael Sweptson; Barbara Sieck; Benita Levingston; and Pamela Padley, Defendants.

No. CIV–87–1812–C.

United States District Court, W.D. Oklahoma.

Nov. 4, 1991.

Allan DeVore, Marjorie J. Ramana, DeVore Law Firm, Oklahoma City, Okl., Ted Sherwood, Abel, Musser, Sokolosky & Clark, Oklahoma City, Okl., for plaintiffs.

Charles Lee Waters, David Brown, Roger Stuart, Richard Freeman, Asst. Gen. Counsel, Dept. of Human Services, Oklahoma City, Okl., Louis W. Bullock, Bullock & Bullock, Tulsa, Okl., for defendants.

ORDER

CAUTHRON, District Judge.

Before the Court is the Opinion by the Tenth Circuit Court of Appeals regarding the defendants' interlocutory appeal on the issues of absolute and qualified immunity. *Snell v. Tunnell*, 920 F.2d 673 (10th Cir. 1990), *cert. denied sub nom.*, — U.S. —, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991). The District Court's published Order of October 28, 1988, was affirmed and the case was remanded for trial. *Snell v. Tunnell*, 698 F.Supp. 1542 (W.D.Okla.1988) (Phillips, J.). The mandate on the Tenth Circuit's opinion was issued January 22, 1991.

In its October 28, 1988 Order, the District Court let stand Plaintiffs' Fourth Amendment claim and conspiracy claim based on judicial deception against defendants Pam Padley, Michael Swepston, Barbara Sieck, and Benita Levingston. The Court granted summary judgment to defendant Mary Asbury. Defendants Conley

Tunnell, and Department of Human Services had previously been granted summary judgment on October 11, 1988. Judge Sidney Brown was dismissed on January 29, 1988, and defendant Lissa Vernon was dismissed pursuant to a stipulation with plaintiffs.

On January 21, 1991, the Court granted leave to plaintiffs to urge reconsideration of the October 28, 1988 Order that granted summary judgment to Mary Asbury on the conspiracy claim. Plaintiffs filed a brief urging reconsideration on March 29, 1991. Defendant Asbury filed a brief in opposition on May 22, 1991. Plaintiffs filed a reply brief on June 6, 1991. Mary Asbury has been subject to bankruptcy proceedings, and the automatic stay has been lifted. The Court delayed ruling on this motion until after the Supreme Court ruled on defendants' petition for certiorari.

The Tenth Circuit in concluding its November 30, 1990, Opinion gave this Court the following guidance in regard to granting summary judgment to Asbury, even though that issue was not ripe for appellate review:

Applying these standards, we think that the plaintiffs on summary judgment have adduced sufficient circumstantial evidence from which a trier of fact could conclude that these defendants *and others* reached an agreement to deprive the Snells of a constitutional right based upon the Snells' refusal to identify the children in their care and Clark Snell's complaints about DHS. Referrals to DHS concerning the Snells were singled out and grouped together for special treatment. *Asbury* indicated that she viewed the complaints made by the Snells as harassment. According to Clark Snell, defendant Swepston threatened him with arbitrary and capricious governmental action should he not cooperate.

Several DHS meetings occurred in which extraneous topics, such as Clark Snell's income and his appliance repair business, were discussed. And *Asbury* and defendants Sieck and Levingston made repeated attempts, be they *ex parte* communications with various judges or contacts with the police department, to create a climate ripe for intervention. Plaintiffs' evidence reflects a dogged determination born of concerted effort to take action against the Snells, whatever the means, knowing that the district attorney would not become involved because of a lack of evidence. Whether the plaintiffs can prove their allegations at trial given defendants' contrary evidence is another matter, but that is left for a trial *consistent with this opinion.*

*Snell v. Tunnell,* 920 F.2d at 702 (emphasis supplied). The Tenth Circuit linked Asbury with the conspiracy throughout its opinion. *E.g., id.* at 677, 680, 682, 686 & n. 13, and 700–01. The conspiracy claim against Asbury is also well-grounded in case law as cited by the Tenth Circuit. *See Dixon v. City of Lawton,* 898 F.2d 1443, 1449 n. 6 (10th Cir.1990); *Cameo Convalescent Center, Inc. v. Senn,* 738 F.2d 836, 841 (7th Cir.1984), *cert. denied sub nom.,* 469 U.S. 1106, 105 S.Ct. 780, 83 L.Ed.2d 775 (1985); *Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir.1979), *rev'd in part on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). Further, the Tenth Circuit has generally warned elsewhere that "caution is advised in any pre-trial disposition of conspiracy allegations in civil rights actions." *Clulow v. Oklahoma,* 700 F.2d 1291, 1303 (10th Cir.1983), *overruled on other grounds by Garcia v. Wilson,* 731 F.2d 640, 648–49 (10th Cir.1984) (en banc). The Court finds that there is a factual and legal basis for the conspiracy claim against defendant Asbury.

Asbury argues that plaintiffs' conspiracy claim is still legally insufficient because it essentially theorizes that the Oklahoma Department of Human Services conspired with itself since all of the alleged co-conspirators are employees of that governmental entity. The other alleged co-conspirators have now been dismissed from the suit. However, had Judge Brown, the Associate District Judge in Oklahoma County, been dismissed due to absolute immunity, then his dismissal on this ground would defeat Asbury's theory because "[i]mmuni-

ty does not change the character of the judge's action or that of his co-conspirators." *Dennis v. Sparks,* 449 U.S. 24, 28–29 & n. 5, 101 S.Ct. 183, 186–87 & n. 5, 66 L.Ed.2d 185 (1980). After reviewing the transcript of the relevant hearing on January 29, 1988, however, the Court concludes that Judge Brown was dismissed on the merits, and not due to absolute immunity. *See Snell v. Tunnell,* 698 F.Supp. at 1543 n. 1.

This is the first time that this argument, regarding the intracorporate conspiracy exception to conspiracy liability, has been presented in this case. There is support for this position under 42 U.S.C. § 1985(3) (law forbidding conspiracy to deprive persons of equal protection of the laws or equal privileges and immunities under the laws), although the conspiracy alleged in this case is under 42 U.S.C. § 1983 (law forbidding deprivation of rights, privileges, immunities under color of state law). *See, e.g., Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972) (holding under 42 U.S.C. § 1985(3) that a discriminatory business decision does not reflect the collective judgment of two or more executives of the same firm in order to support a conspiracy judgment); *Runs After v. United States,* 766 F.2d 347, 354 (8th Cir.1985) (holding under 42 U.S.C. § 1985(3) that individual members of a Tribal Council, acting in their official capacity, cannot conspire when they act together in taking official action); *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir.) (holding pursuant to 42 U.S.C. § 1985(3) that a vote of faculty and trustees resulting in discharge of a professor was not a conspiracy since the alleged conspiratorial conduct was essentially a single act by a single corporation acting through its own trustees and employees who were acting within the scope of their employment), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978); *Girard v. 94th St. & Fifth Ave. Corp.,* 530 F.2d 66, 71–72 (2d Cir.) (holding pursuant to 42 U.S.C. § 1985(3) that a conspiracy claim is improper when there is the implementation of a single policy by a single policy-making body), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976); *see also Unit-*

*ed Bhd. of Carpenters & Joiners, Local 610 v. Scott,* 463 U.S. 825, 834–38, 103 S.Ct. 3352, 3359–61, 77 L.Ed.2d 1049 (1983) (holding that 42 U.S.C. § 1985(3) did not reach conspiracies motivated by economic or commercial animus).

However, the authorities on this issue are not conclusive. *See Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 775 n. 24, 104 S.Ct. 2731, 2744 n. 24, 81 L.Ed.2d 628 (1984) (*comparing, for example, Novotny v. Great Am. Fed. Sav. & Loan Ass'n,* 584 F.2d 1235, 1257–58 (3d Cir.1978) (en banc) (rejecting the intracorporate conspiracy exception), *vacated and remanded on other grounds,* 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979) *with Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972) (embracing the exception)); *see also Rivas v. State Bd. for Community Colleges & Occupational Educ.,* 517 F.Supp. 467, 472 (D.C.Colo.1981) ("Precedent on this point is mixed and the Tenth Circuit has not made a definitive statement. The common thread, however, throughout the various decisions is apparent: a conspiracy does not exist among a business entity and its employees where the employees act within the scope of their employment without inconsistent personal motivations." "[A]llegations [of continual harassment at the hands of individual employees] express the likelihood that the employees were motivated by a personal ... bias and were not acting out of concern for the best interests of their employer.") (citation omitted), *quoted in Scott v. City of Overland Park,* 595 F.Supp. 520, 527 (D.Kan.1984).

While the intracorporate conspiracy doctrine has been applied to government agents and employees acting in their *official* capacities, its application has not necessarily been extended to government employees acting in their *individual* capacities. *See Barger v. Kansas,* 620 F.Supp. 1432, 1435 (D.Kan.) (citing cases), *on reconsideration summary judgment granted on other grounds,* 630 F.Supp. 88, 92 (1985). Further, defendants are generally immune from suit in their official capacities for claims under section 1983, except for

claims for injunctive relief. 620 F.Supp. at 1436 (citing *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979) and *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 102, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984)). In this regard the injunctive relief claim against the Department of Human Services in the instant case was dismissed on October 11, 1988. *Snell v. Tunnell,* 698 F.Supp. at 1544. However, such section 1983 conspiracy suits may proceed against state officials acting in their individual capacities because when an officer acts unconstitutionally, then the officer is " 'stripped of his [or her] official or representative character and is subjected in his [or her] person to the consequences of his [or her] official [individual in original] conduct.' " *Barger v. Kansas,* 620 F.Supp. at 1437 (quoting *Ex parte Young,* 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908)). The Court finds this reasoning compelling in light of the findings and legal conclusions by the Tenth Circuit regarding defendant Asbury. Therefore, the Court believes that plaintiffs' conspiracy claim should go forward against defendant Asbury, but only in her individual capacity. It should be noted that at the summary judgment stage the evidence must be viewed in a light most favorable to the Snells, and all inferences must be drawn in their favor. And further, as stated by the Tenth Circuit at the conclusion of its opinion, "[w]hether the plaintiffs can prove their allegations at trial given defendants' contrary evidence is another matter...."

Accordingly, plaintiffs' motion for reconsideration is GRANTED and the Order of October 28, 1988 is VACATED only in respect to the grant of summary judgment to Mary Asbury in her individual capacity on plaintiffs' conspiracy claim. The Court shall set a scheduling conference in this case so that it may proceed to trial.

IT IS SO ORDERED.