Paul GRAY, Plaintiff,

v.

UNIVERSITY OF KANSAS MEDICAL CENTER, COLLEGE of HEALTH SCIENCES, SCHOOL of NURSING; Doris A. Geitgey; Jeanne R. Schott; Defendants.

Civ. A. No. 88–2524–S.

United States District Court, D. Kansas.

June 27, 1989.

Gregory Bernard King, Kansas City, Kan., for plaintiff.

Robert T. Stephan, Atty. Gen., Steven L. Ruddick, Sp. Asst. Atty. Gen., Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss. Defendants argue that as a state agency and state agents, they are entitled to the protection of eleventh amendment immunity. Defendant University of Kansas Medical Center ("KU Med. Center") is a state university. Defendant Doris A. Geitgey was, at the times relevant to this lawsuit, Dean of the School of Nursing at KU Med. Center. Defendant Jeanne R. Schott was Acting Assistant Dean, Director of Undergraduate Program of the School of Nursing.

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Mangels v. Pena,* 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Defendants seek dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. They base their motion on the Eleventh Amendment of the United States Constitution. The eleventh amendment states:

The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The eleventh amendment has been interpreted to preclude suits against a state by its own citizens. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). A suit may not be maintained against an agency of the state, unless the state waives its immunity from suit in federal court. *See Florida Dept. of State v. Treasurer Salvors, Inc.,* 458 U.S. 670, 684, 102 S.Ct. 3304, 3314, 73 L.Ed.2d 1057 (1982); *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978). When an action is brought against a public agency or institution, the application of the eleventh amendment turns on whether the agency or institution can be characterized as an arm or alter ego of the state. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

It is well established that state universities in Kansas function as arms or alter egos of the state of Kansas. *See Brennan v. University of Kansas,* 451 F.2d 1287, 1290 (10th Cir.1971) (providing the University of Kansas with eleventh amendment immunity); *Billings v. Wichita State University,* 557 F.Supp. 1348, 1350 (D.Kan.1983) (providing Wichita State University with eleventh amendment immunity). *Barger v. State of Kansas,* 620 F.Supp. 1432, 1434 (D.Kan.1985) (providing

Emporia State University with eleventh amendment immunity).

In accordance with these earlier cases, the court finds that the University of Kansas Medical Center functions as an arm or alter ego of the state of Kansas and is entitled to eleventh amendment immunity. Thus, the court will grant defendant University of Kansas Medical Center's motion to dismiss.

■ The individual defendants also have moved to dismiss under the eleventh amendment immunity doctrine. It is well established that state university employees who are sued in their official capacities enjoy eleventh amendment immunity. *Barger,* 620 F.Supp. at 1436. These employees, however, are not protected by the eleventh amendment when sued in their official capacities for injunctive relief. *Id.* (citing *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 102, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984)). In the present lawsuit, plaintiff seeks both monetary damages and injunctive relief against the defendants. Under the doctrine of eleventh amendment immunity, the individual defendants are immune from suit against them for the claims against them in their official capacity seeking monetary damages.

A few days ago, the United States Supreme Court, in what we believe to be an ill-founded and sophistic opinion, ruled that state officials sued in their official capacities are not "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* ── U.S. ──, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("We hold that neither a state nor its officials acting in their official capacities are 'persons' under section 1983."). The court went on to note that although state officials are not "persons" under section 1983, they are "persons" under the statute when sued for injunctive relief. *Id.* at n. 10. Therefore, in the present suit, plaintiff's claim against the individual defendants in their official capac-

ities for injunctive relief remains a valid claim.*

■ There is a dispute among the parties on whether plaintiff has asserted claims against the individual defendants in their individual capacities. The eleventh amendment does not extend to persons acting in their individual capacities. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Plaintiff contends that the complaint alleges claims against the individual defendants in their official and individual capacities.

■ Plaintiffs, in general, could greatly assist the court to prevent confusion, as has resulted in the present case, if they would simply state in what capacity an individual is being sued in the caption of the complaint. However, a defendant's capacity need not be plead, except to the extent required to show jurisdiction under Rule 9(a) of the Federal Rules of Civil Procedure. A failure to allege official or individual capacity in the caption is merely a formal error and not a fatal defect. *See Parker v. Graves,* 479 F.2d 335, 336 (5th Cir.1973). The allegations of the complaint must be examined to determine the nature of plaintiff's cause of action. *Id.* In the body of the complaint, plaintiff's references to alleged wrongful conduct by the individual defendants involves conduct taken while they were acting within the scope of their employment. The complaint does not indicate whether plaintiff is suing the individual defendants in their official or individual capacity.

The court must construe the pleadings liberally and view the complaint in a light most favorable to the plaintiff. To prevent any injustice to plaintiff, the court will allow plaintiff ten days within which to file an amended complaint to clear up the existing ambiguities. If plaintiff believes he has claims against the defendants in their individual capacities, he must file an amended complaint which clearly indicates such claims. If no amended complaint is filed within ten days, the court will consid-

---

* The recent *Will* decision apparently has the effect of overruling *Gumbhir v. Kansas State Bd. of Pharmacy,* 231 Kan. 507, 512–13, 646 P.2d 1078, 1084 (1982), *cert. denied,* 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983) (holding that a state is a person under 1983).

er such inaction as indicating that plaintiff's claims were against the individual defendants solely in their official capacities, and the case will proceed on plaintiff's claim for injunctive relief against these defendants.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss is granted in part. The claims against defendant University of Kansas Medical Center and the claims for monetary damages against the individual defendants in their official capacities are dismissed. Plaintiff's only remaining claim is one for injunctive relief against the individual defendants in their official capacities. IT IS FURTHER ORDERED that plaintiff has ten (10) days from the date of this Memorandum and Order within which to file an amended complaint alleging claims which he may have against the individual defendants in their individual capacities.