Michael G. JOHNSON, Plaintiff,

v.

Jon WEFALD, individually, and in his official capacity as President of Kansas State University;

James R. Coffman, individually, and in his official capacity as Provost of Kansas State University; and

Kansas State University, Defendants.

Civ. A. No. 90–2210–V.

United States District Court, D. Kansas.

Nov. 15, 1991.

Rodney C. Olsen, Morrison, Frost and Olsen, Manhattan, Kan., for plaintiff.

Dorothy L. Thompson, Kansas State University, Manhattan, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is now before the court on defendants' Motion to Alter or Amend Judgment (Doc. 68) and plaintiff's Motion to Reconsider (Doc. 70). Both motions seek reconsideration of the court's order dated June 3, 1991, (Doc. 63), granting in part and denying in part defendants' motion for summary judgment. 766 F.Supp. 977. Because oral argument would not be of material assistance to the resolution of either motion, plaintiff's request for oral argument (Doc. 69) is denied. D.Kan. Rule 206(d). For the reasons stated below, defendants' motion for reconsideration (Doc. 68) is granted in part and denied in part. Plaintiff's motion for reconsideration (Doc. 70) is denied.

Plaintiff Michael G. Johnson has sued Kansas State University ("KSU"), Jon Wefald, individually and in his official capacity as President of KSU, and James R. Coffman, individually and in his official capacity as Provost of KSU, alleging violations of 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments. Plaintiff claims that he was reassigned to another position and eventually terminated from employment with KSU because of his decision to run as a Democratic candidate for the Kansas Senate. Plaintiff has also brought various pendent state law claims against each of the defendants.

In the order dated June 3, 1991, the court dismissed plaintiff's pendent state law claims and section 1983 claim "insofar as it seeks monetary damages" against defendant KSU and against the individual defendants in their official capacities, finding that those claims were barred by the Eleventh Amendment. The court also dismissed plaintiff's due process claim, finding that plaintiff had no property interest in his continued employment. Finally, the court dismissed plaintiff's remaining pendent state law claims against the individual defendants in their individual capacities for the reasons discussed in the court's opinion. The court denied summary judgment on plaintiff's remaining First Amendment and Equal Protection claims, finding that there were material questions of fact on these issues.

## I. STANDARDS FOR RECONSIDERATION

 Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Estate of Pidcock v. Sunnyland America, Inc.,* 726 F.Supp. 1322, 1333 (S.D.Ga.1989); *see Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981).

## II. DISCUSSION

### A. Eleventh Amendment Immunity

 As mentioned above, in the order dated June 3, 1991, the court found that the Eleventh Amendment barred plaintiff's section 1983 claim, insofar as it seeks monetary relief, against defendant KSU and against the individual defendants in their official capacities. The court then found that plaintiff may seek prospective relief under his section 1983 claim against defendant KSU and the individual defendants in their official capacities. Defendants argue that the court erred in allowing plaintiff to seek prospective injunctive relief against defendant KSU. The court agrees.

The Supreme Court stated in *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), that "[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies *regardless of the nature*

*of the relief sought." Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 907–908 (citations omitted) (emphasis added). Thus, as a state agency, KSU may not be sued for prospective relief. *Cf. Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 2307–2308, 105 L.Ed.2d 45 (1989) (state agencies are not "persons" amenable to suit within the meaning of section 1983). However, this does not affect the court's ruling that the individual defendants in their official capacities may be sued for prospective relief.[1] *See Will,* 491 U.S. at 71 n. 10, 109 S.Ct. at 2311 n. 10 ("[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' *Kentucky v. Graham,* 473 U.S. [159], at 167, n. 14 [105 S.Ct. 3099, at 3106 n. 14, 87 L.Ed.2d 114 (1985)]; *Ex parte Young,* 209 U.S. 123, 156–160, 28 S.Ct. 441, 452–454, 52 L.Ed. 714 (1908)"); *Southern Pacific Transp. Co. v. Los Angeles,* 922 F.2d 498, 508 (9th Cir.1990) (claims against state agency are barred by the Eleventh Amendment even though prospective relief is sought).

## B. Equal Protection Claim

■ Defendants also challenge the court's denial of their summary judgment motion as it relates to plaintiff's equal protection claim. Based on the cases cited by defendants in their motion to reconsider it would appear that defendants misapprehend the nature of plaintiff's claim. Plaintiff does not challenge the constitutional validity of the KSU regulations which restrict the political activities of university employees.[2] Plaintiff challenges, rather, the allegedly "uneven" application of the

regulations to him. *See Reynolds v. Sims,* 377 U.S. 533, 565, 84 S.Ct. 1362, 1383, 12 L.Ed.2d 506 (1964) (fundamental purpose of equal protection is to ensure that the government treats every individual the same as other persons similarly situated). The court concludes that defendants have presented no evidence or other reasons which would justify reconsideration of the court's denial of summary judgment on plaintiff's equal protection claim.

## C. Due Process Claim

■ In his motion for reconsideration, plaintiff requests that the court reconsider its interpretation of the May 28, 1982, President's Policy Statement and find that plaintiff had a property interest in his continued employment with KSU. In the alternative, plaintiff argues that he has presented sufficient evidence of an implied employment contract. The court finds that plaintiff has not presented any new evidence or other reason which would justify reconsideration of the dismissal of plaintiff's due process claim.[3]

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for reconsideration (Doc. 68) is granted in part and denied in part. Plaintiff's motion for reconsideration (Doc. 70) is denied.

IT IS SO ORDERED.

---

1. Of course, plaintiff has never been barred by *Will* or by the Eleventh Amendment from seeking monetary relief against the individual defendants in their individual capacities. *Hafer v. Melo,* —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (state officials sued in their individual capacities are "persons" under section 1983 who may be held liable for damages for civil rights violations).

2. The court agrees with plaintiff that section D–31 of the KSU Faculty Handbook does not apply to this case since plaintiff was running for elec-

tion to a public office as opposed to a public or political party position or membership on any of the types of committees enumerated in section D–31.

3. The court agrees with the defendants that the deposition testimony of former KSU President Duane Acker concerning his interpretation of the President's Policy Statement is parol evidence and cannot be considered by the court since the court has determined that the President's Policy Statement is unambiguous.