Noel M. KLEIN, Plaintiff,

v.

The **UNIVERSITY OF KANSAS MEDICAL CENTER, et al.,** Defendants.

Civ. A. No. 96–2032–GTV.

United States District Court,
D. Kansas.

Aug. 22, 1997.

John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, for Plaintiff.

John C. McFadden, Kansas City, KS, for Defendants University of Kansas Medical Center, Richard D. Robards, Cliff Rovelto and Elissa Monroe.

Daniel J. Carroll, Kansas Dept. of Administration, Div of Architectural Services, Topeka, KS, for Defendants Kansas Civil Service Bd., Jolene Brauer, William M. Jones and Downer M. Tyler.

John R. Dowell, Kevin D. Case, Office of Attorney General, Topeka, KS, for Franklin R. Theis.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This employment discrimination and civil rights case is before the court on the following:

(1) Motion to dismiss by defendant Kansas Civil Service Board (the Board) pursuant to Fed.R.Civ.P. 12(b)(2)[1] (Doc. 19);

(2) Motion to dismiss by defendant William M. Jones pursuant to Fed.R.Civ.P. 12(b)(2) and (6) (Doc. 22);

(3) Motions to dismiss by defendant the Honorable Franklin R. Theis pursuant

---

**1.** Several defendants have filed motions to dismiss pursuant to Rule 12(b)(2), lack of jurisdiction over the person. Defendants' briefing, however, challenges only the court's subject matter jurisdiction. The court, therefore, will treat these motions as Rule 12(b)(1) motions.

to Fed.R.Civ.P. 12(b)(1) (Doc. 27) and pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 77);

(4) Motion to dismiss by defendant Jolene Brauer pursuant to Fed.R.Civ.P. 12(b)(2) and (6) (Doc. 50);

(5) Motion for leave to file a second amended complaint by plaintiff Noel M. Klein pursuant to Fed.R.Civ.P. 15(a) (Doc. 69); and

(6) Motion to dismiss by defendants University of Kansas Medical Center (the Medical Center), Richard D. Robards, Cliff Rovelto, Elissa Monroe, Linda Davies, Joe Bast, and Scott Ramsey pursuant to Fed.R.Civ.P. 12 (Doc. 75).

The court has reviewed all pleadings and is now prepared to rule. For the reasons set forth below, the motions to dismiss by the Board, Jones, Brauer, the Medical Center, Robards, Rovelto, Monroe, Davies, Bast, and Ramsey are granted in part and denied in part; the motion to dismiss by Judge Theis pursuant to Rule 12(b)(1) is granted, and his motion to dismiss pursuant to Rule 12(b)(6) is denied as moot; and the motion for leave to file a second amended complaint by Klein is denied.

## I. Background

The following facts are based upon the allegations in Klein's first amended complaint (Doc. 5). Klein was a permanent classified employee at the University of Kansas Medical Center, holding the position of photographer. During the time relevant to this lawsuit, he was 56 and 57 years of age. Klein received unsatisfactory evaluations in June and July 1993. He was diagnosed with an ophthalmological problem in both eyes in August 1993. Klein appealed the July 1993 evaluation to an appeal committee pursuant to the Kansas Civil Service Act, K.S.A. § 75–2925 *et seq.*, In September 1993, prior to the hearing, Klein filed an age and disability discrimination complaint with the Equal Employment Opportunity Commission and the Kansas Commission on Civil Rights.[2] Klein's evaluation appeal occurred later that month and was not successful.

In December 1993, Richard D. Robards, Director of Human Resources at the Medical Center, sent Klein written notification that his employment might be terminated effective January 15, 1994. On January 10, 1994, Klein and his attorney met with Cliff Rovelto, the Employee/Labor Relations Manager at the Medical Center, to offer reasons against discharge. On January 13, 1994, Robards notified Klein that, based upon Klein's unsatisfactory evaluations, the Medical Center had decided to terminate his employment effective January 15, 1994. Robards also notified Klein of his right to appeal the decision. That same day, January 13, 1994, Klein notified Medical Center personnel of his decision to retire. He decided to retire because of his erroneous belief, based upon conversations with Medical Center personnel, that dismissal disqualified him for certain benefits. Klein timely filed an appeal with the Kansas Civil Service Board, claiming that his early retirement was involuntary. The Board dismissed the appeal, concluding that its jurisdiction extended only to appeals concerning demotions, dismissals, or suspensions—not retirements. Klein requested and was granted reconsideration; however, the Board affirmed its earlier decision to dismiss the appeal.

Klein then filed a petition for judicial review in the District Court of Shawnee County, Kansas. The case was assigned to the Honorable Franklin R. Theis. On October 25, 1995, Judge Theis rendered his opinion, finding that the Board failed to conduct a proper factual inquiry into whether Klein's retirement was voluntary. Judge Theis abstained from making a factual finding the Board had not yet undertaken, remanding the case to the Board for that purpose. Judge Theis also noted that the Board had dismissed Klein's initial appeal without proper notice or an opportunity for a hearing.

Klein sought reconsideration, arguing that because the Board violated his due process rights, Judge Theis should have awarded back pay and benefits from the date of his involuntary retirement until the date of his

---

**2.** The Kansas Human Rights Commission subsequently issued a finding of probable cause with

regard to Klein's charge of age discrimination, disability discrimination, and retaliation.

due process hearing, awarded fees and costs, and set forth the requisite legal standards for the Board to apply. On December 20, 1995, Judge Theis denied Klein's reconsideration motion. The defendants provide documentation that Klein has appealed Judge Theis' decision to the Kansas Court of Appeals.

On January 16, 1996, Klein filed this case in federal court. He directs Counts I–VII toward the Medical Center and the following individual defendants in both their individual and official capacities: Robards, Rovelto, Elissa Monroe (Klein's immediate supervisor), Linda Davies (Monroe's immediate supervisor), Joe Bast (appeal Board member), Scott Ramsey (appeal Board member), and Frances Redmond[3] (appeal Board member). In Counts I and II, Klein alleges that these defendants discriminated against him on the basis of his disability in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* In Count III, Klein claims that these defendants violated his equal protection rights by treating him differently than younger, nondisabled employees who had not filed discrimination charges. In Counts IV–VI, Klein alleges that these defendants violated the Kansas Age Discrimination in Employment Act, K.S.A. § 44–1111 *et seq.,* and the Kansas Act Against Discrimination, K.S.A. § 44–1001 at *et seq.,* by discriminating against him on the basis of age and disability and by retaliating against him for filing a discrimination charge. In Count VII, Klein claims that these defendants violated his procedural and substantive due process rights. Count VIII, which is directed toward Judge Theis as well as the other defendants, is predicated upon the judge's failure to order reinstatement despite finding that the appeals process lacked the requisite due process protection. Klein's combined requested relief asks the court to enjoin "the Kansas Civil Service Board and the Kansas judiciary from engaging in any further proceedings with respect to plaintiff" (Doc. 5, at 26); to permanently enjoin the Board and its representatives "from failing to grant due process

hearings to civil service appellants in the future claiming constructive discharge, either through involuntary resignation or otherwise" (Doc. 5, at 26–27); to permanently enjoin defendants from violating another's due process and equal protection rights; and to permanently enjoin defendants against discriminating against others. Klein also seeks reinstatement or front pay, actual and punitive damages, attorneys' fees, and costs.

## II. Motion to Amend

■ Klein asks leave of the court, pursuant to Fed.R.Civ.P. 15(a), to file a second amended complaint. He aspires to add as party defendants the Kansas Attorney General, Carla Stovall; the remaining individual judges of the District Court of Shawnee County, Kansas; and the individual judges and justices of the Kansas appellate courts. Klein asserts that these individuals "are charged with administering and enforcing the Kansas Civil Service Act ... and the Kansas Act for Judicial Review and Civil Enforcement of Agency Action [KJRA], K.S.A. § 77–601 at *et seq.,* as applied to judicial review of the Kansas Civil Service Board." (Doc. 69, at 1.) Klein's claims against these defendants challenges the constitutionality of these three acts on due process and equal protection grounds. The only defendant to respond to the motion is Judge Theis, who raises numerous arguments in opposition.

Rule 15(a) provides that leave to amend shall be given freely if justice so compels. After the permissive period has expired, it is within the court's discretion whether to allow an amendment. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Deghand v. Wal–Mart Stores, Inc.,* 904 F.Supp. 1218, 1221 (D.Kan.1995). In exercising that discretion, courts are "mindful that the federal rules are designed to encourage decisions on the merits rather than on mere technicalities." *Deghand,* 904 F.Supp. at 1221. The futility of a proposed amendment, however, is a proper reason for denying leave to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct.

---

3. In his proposed second amended complaint, Klein notes that Frances Redmond is deceased.

The court will dismiss Redmond from the suit.

227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West. Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

Klein's proposed second amended complaint is futile because it is frivolous with no basis in law. He cannot satisfy the case or controversy requirement of Article III of the Constitution, which requires him to show that he and the proposed new defendants have adverse legal interests. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). The only function of the judges and justices concerning the challenged statutes "is to act as neutral adjudicators rather than as administrators, enforcers, or advocates." *In re Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17, 21 (1st Cir.1982)(Breyer, J.). With regard to the attorney general, Klein cites no Kansas authority supporting the proposition that the attorney general has the power to enforce these acts. The attorney general's statutory authority to make an appearance in a case to defend the constitutionality of a statute does not satisfy that burden. See K.S.A. § 75–702. The court, therefore, denies Klein's motion for leave to amend.

### III. Motions to Dismiss

#### A. Legal Standards

■ All defendants seek dismissal of Klein's complaint pursuant to one or more subsections of Rule 12. In ruling on a motion to dismiss, the court accepts the veracity of all well-pleaded facts in the plaintiff's complaint and views both the facts and all reasonable inferences in the light most favorable to the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The pleadings must be construed liberally. *Gas–A–Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102 (10th Cir.1973); *see* Fed.R.Civ.P. 8(a), (f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff ultimately will prevail, but whether the plaintiff shall be allowed to offer evidence to bolster the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "The court may not dismiss a case for failure to state a claim 'unless it appears beyond a doubt that the plaintiff can prove

no set of facts in support of his claims which would entitle him to relief.'" *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs. Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). In a Rule 12(b)(1) motion, the court may consider documents and other information submitted to the court in addition to the plaintiff's complaint. *Lockhart v. A.G. Edwards & Sons, Inc.*, No. 93–2418–GTV, 1994 WL 34870, at *1 (D.Kan. Jan.25, 1994)(citing *Armstrong v. Goldblatt Tool Co.*, 609 F.Supp. 736, 737 (D.Kan.1985)).

#### A. Judge Theis' Motions

■ In his Rule 12(b)(1) motion to dismiss, Judge Theis challenges the court's subject matter jurisdiction. Citing the *Rooker–Feldman* doctrine, Judge Theis argues that Klein seeks unauthorized appellate review in federal district court of a state district court decision. In the alternative, Judge Theis asserts that the court should abstain from exercising jurisdiction because Klein has appealed the state district court decision to the Kansas Court of Appeals.

■ The *Rooker–Feldman* doctrine derives from two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). This doctrine emphasizes that federal district courts, being courts of only original jurisdiction, cannot exercise appellate jurisdiction over state court proceedings. *Mounkes v. Conklin*, 922 F.Supp. 1501, 1508 (D.Kan.1996). The *Rooker–Feldman* doctrine

> is not limited to the decisions from the state's highest court.... The doctrine precludes federal jurisdiction even when the state court's decision implicates federal constitutional issues, or when the plaintiff brings his federal action under federal civil rights statutes. Finally, the doctrine applies to attempts not only to review directly a state court decision but also to review indirectly a state court decision when the federal claim is "inextricably intertwined"

with the merits of the state court's decision.

*Id.* (citations omitted).

Klein responds that the *Rooker–Feldman* doctrine does not apply because he is not challenging the state court judgment—i.e., what Judge Theis did in the order. Rather, Klein maintains he is challenging what Judge Theis did not address, i.e., what the KJRA's system of judicial review of agency decisions precluded the judge from addressing. Klein suggests that the "system" prevented Judge Theis from finding that Klein's lack of notice and a hearing violated due process, from enjoining the Board from violating the due process rights of similarly situated public employees, and from awarding back pay, benefits, and reasonable attorney fees. Klein describes his claim as a constitutional challenge, on due process and equal protection grounds to the KJRA's entire system of judicial review of agency action.

Even broadly construed, Klein's complaint does not state such a constitutional challenge to the system of judicial review of agency actions. Count VIII, which Klein directs primarily toward Judge Theis, is predicated upon the judge's failure to order reinstatement despite finding that the appeals process lacked the requisite due process protection. Klein alleges that Judge Theis "totally abrogated [his] duty to state the law applicable ... thereby denying plaintiff due process of law in violation of 42 U.S.C. §§ 1983, 1985, and 1988." (Doc. 1, ¶ 45.) Klein requests that Judge Theis and the "Kansas judiciary" be enjoined "from engaging in any further proceedings with respect to plaintiff." (Doc. 1, at 23.) At the very minimum, Klein's instant claim against Judge Theis is "inextricably intertwined" with the merits of his state court decision. Because the *Rooker–Feldman* doctrine mandates dismissal of the claim, Judge Theis' abstention argument need not be addressed. The court, therefore, grants Judge Theis' motion to dismiss pursuant to Rule 12(b)(1).[4]

### C. Abstention

 Defendants Kansas Civil Service Board, William M. Jones and Jolene Brauer argue that, based upon the pending action in the Kansas Court of Appeals, the principles of abstention, comity, federalism, and equity preclude the court from granting injunctive relief against them. Defendants' argument is not persuasive.

Before reaching the abstention issue, the district court must determine "whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." The court should "examine the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings," resolving any doubt "in favor of exercising federal jurisdiction...." *Allen v. Board of Educ., Unified Sch. Dist. 436,* 68 F.3d 401, 403 (10th Cir.1995) (quoting *Fox v. Maulding,* 16 F.3d 1079, 1081–82 (10th Cir.1994)). Here, the state and federal proceedings are not substantially similar. Klein has raised additional issues in federal court—his disability claims under the ADA and Rehabilitation Act—not raised in state court. Because "the cases are not parallel," this court will proceed. *Id.* "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....'" *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (quoting *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 504–05, 54 L.Ed. 762 (1910)).

### D. Eleventh Amendment

The Medical Center, Robards, Rovelto, Monroe, Davies, Bast, Ramsey, the Board, Jones, and Brauer argue that the court lacks subject matter jurisdiction because the Eleventh Amendment to the Constitution bars Klein's complaint. Klein brings his civil

---

**4.** Because the court grants Judge Theis' Rule 12(b)(1) motion to dismiss, the judge's second motion to dismiss pursuant to Rule 12(b)(6) is moot. For the edification of plaintiff's counsel, the court points out that Klein's Rule 12(g) argument would not meet with success. *See Steele v. Stephan,* 633 F.Supp. 950, 951 (D.Kan.1986).

rights claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988.

◼ The court need address only Klein's section 1983 claims. Because Klein has not alleged racial animus, his claims under sections 1981 and 1985 are dismissed. *See, e.g., Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir.1993)(citing *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971)); *Kodish v. United Air Lines, Inc.,* 628 F.2d 1301, 1303 (10th Cir. 1980). Additionally, section 1988 "does not create independent causes of action, it simply defines procedures under which remedies may be sought in civil rights action." *Hidahl v. Gilpin County Dep't of Social Servs.,* 938 F.2d 1150, 1152 (10th Cir.1991) (internal quotations and citations omitted).

### 1. University of Kansas Medical Center and Kansas Civil Service Board

◼ Eleventh Amendment immunity provides protection for state governmental entities sued in federal court for damages unless the state waives its immunity. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146–47, 87 L.Ed.2d 171 (1985); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Hernandez v. State of N.M.,* No. 94–2287, 1995 WL 490289, at *3 (10th Cir.1995) (Eleventh Amendment "does not bar all actions against state entities, but only damages actions against state entities brought in federal court"), *cert. denied,* —— U.S. ——, 116 S.Ct. 943, 133 L.Ed.2d 868 (1996); *Ramirez v. Oklahoma Dep't of Mental Health,* 41 F.3d 584, 588 (10th Cir.1994). This jurisdictional bar applies regardless of whether plaintiff seeks monetary or prospective relief. *Johnson v. Wefald,* 779 F.Supp. 154, 155–56 (D.Kan.1991)(citing *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 907–08). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 339–40, 99 S.Ct. 1139, 1144–45, 59 L.Ed.2d 358 (1979). The Supreme Court has invoked the standards applicable to Eleventh Amendment immunity if violations of the Fourteenth Amendment are alleged. *See Seminole Tribe of Fla. v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

◼ Klein has brought federal civil rights claims and state law claims against the Medical Center and the Board seeking monetary, declaratory, and injunctive relief. In an action brought against a public agency, application of the Eleventh Amendment "turns on whether the agency or institution can be characterized as an arm or alter ego of the state." *Gray v. University of Kan. Medical Ctr.,* 715 F.Supp. 1041, 1042 (D.Kan.1989); *see also Mascheroni v. Board of Regents of the Univ. of Cal.,* 28 F.3d 1554, 1559 (10th Cir.1994)(arm of the state doctrine provides immunity for entities created by the state that operate as alter egos or instrumentalities of the state); *Ambus v. Granite Bd. of Educ.,* 995 F.2d 992, 994 (10th Cir.1993)(en banc). The District of Kansas has concluded that the Medical Center is an instrumentality of the state sharing in the state's immunity from suit in federal court under the Eleventh Amendment. *See, e.g., Young v. University of Kan. Med. Ctr.,* No. 96–2390–KHV, 1997 WL 150051 (D.Kan. Feb.26, 1997); *Ellis v. University of Kan. Med. Ctr.,* No. 95–2376–GTV, 1996 WL 570187 (D.Kan. Sept.17, 1996); *Gray,* 715 F.Supp. at 1042.

◼ Case law has not construed whether the Board is an instrumentality of the state. To make that determination,

[t]he court first examines the degree of autonomy given to the agency as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state. Second, the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing. The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury.

*Watson v. University of Utah Med. Ctr.,* 75 F.3d 569, 574–75 (10th Cir.1996) (internal quotations and citations omitted). A review of the Civil Service Board Act satisfies the court that the Board is not autonomous, but a state-controlled entity. *See, e.g.,* K.S.A.

§ 75–2929a (1996 Supp.) (governor appoints five-member board, subject to senate confirmation); *id.* § 75–2929b (1996 Supp.) (Board attached to the Department of Administration). Additionally, the Board's "budgeting, purchasing and related management functions ... shall be administered under the secretary of administration. All vouchers for expenditures ... shall be approved" by the Board's chairperson and the Secretary of Administration. *Id.* § 75–2929b(a). The court concludes that the Board is an instrumentality of the state and eligible for Eleventh Amendment immunity.

■ The Kansas Legislature, by enacting the Kansas Tort Claims Act, K.S.A. § 76–6101 *et seq.*, has not waived the state's Eleventh Amendment immunity from suit in federal court. *Ndefru v. Kansas State Univ.*, 814 F.Supp. 54, 55 (D.Kan.1993); *Billings v. Wichita State Univ.*, 557 F.Supp. 1348, 1351 (D.Kan.1983). "The Act's waiver of sovereign immunity extends only to suits in state court." *Ndefru*, 814 F.Supp. at 55.

■ The Medical Center and the Board, as state institutions, are immune from a suit for monetary damages in federal court under the Eleventh Amendment. The Eleventh Amendment, however, does not bar plaintiff's suit against a state agency that seeks prospective relief of reinstatement. *Ramirez*, 41 F.3d at 589. In *Ramirez*, plaintiffs sought reinstatement to their former positions with a state agency to remedy alleged continuing violations of federal law. *Id.* The district court granted the state agency's motion to dismiss on the grounds that the Eleventh Amendment barred both retroactive and prospective claims for relief against the agency. The Court of Appeals affirmed the dismissal of plaintiffs' claim for monetary damages for the state agency's past actions, but reversed the dismissal of plaintiffs' claim for reinstatement. Although the continuing violation exception to Eleventh Amendment immunity previously had applied only to claims for injunctive relief against individuals acting in their official capacities, the Tenth Circuit extended the exception to cover injunctive relief sought against a state agency. *Id.* Applying *Ramirez* to the case now before the court, the court concludes that the Eleventh Amendment does not bar Klein's request for injunctive relief on his federal law claims against the Medical Center and the Board.

■ *Ramirez* does not control the court's disposition of plaintiff's claims for injunctive relief under state law against the state entities. In *Pennhurst,* the Supreme Court held that a federal court may not grant relief against a state on the basis of state law. 465 U.S. at 105. For purposes of applying Eleventh Amendment immunity to plaintiff's state law claims, it is irrelevant whether Klein seeks prospective or retroactive relief. *Id.* The court concludes that the Eleventh Amendment bars Klein's state law claims against the Medical Center and the Board. Those claims are dismissed.

■ Although these defendants may not be entitled to Eleventh Amendment immunity in connection with Klein's section 1983 claims for injunctive relief, the claims fail for a different reason. To maintain an action under section 1983, Klein must establish that a "person" acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution. 42 U.S.C. § 1983. It is well established that state agencies are not "persons" amenable to suit within the meaning of § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 2308–09, 105 L.Ed.2d 45 (1989); *Hernandez,* 1995 WL 490289, at *3. The court concludes that the Medical Center and the Board are entitled to dismissal of plaintiff's federal claims brought under section 1983. Plaintiff's civil rights claims against the Medical Center and the Board are dismissed.

### 2. Individual Defendants Sued in Official Capacities

■ The individual defendants contend that they are entitled to Eleventh Amendment immunity on Klein's claims for monetary and injunctive relief brought against them in their official capacities. In *Pennhurst,* the Supreme Court held that the Eleventh Amendment jurisdictional bar applies to suits seeking monetary damages against state officials. 465 U.S. at 100, 104 S.Ct. at 907–08 (relief sought against state official is

in fact relief sought against the state); *see also Gray,* 715 F.Supp. at 1043; *Billings,* 557 F.Supp. at 1350. This court also has applied the proscription against suing state employees in their official capacities in federal court for monetary relief to claims arising under state law. *Johnson,* 779 F.Supp. at 156. The court concludes that the Eleventh Amendment precludes Klein's claims seeking monetary relief against the individual defendants in their official capacities.

 Klein also seeks prospective injunctive relief against the individual defendants in their official capacities. In *Pennhurst,* the Supreme Court held that a defendant sued in his or her official capacity on a state-law claim for injunctive relief is protected by Eleventh Amendment immunity. 465 U.S. at 103–06, 104 S.Ct. at 909–11. However, the Eleventh Amendment does not provide state employees with immunity if they are sued in their official capacities for injunctive relief on a federal claim under the Fourteenth Amendment. *See Will,* 491 U.S. at 71 n. 10, 109 S.Ct. at 2312 n. 10 ("state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'"); *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985); *Pennhurst,* 465 U.S. at 102, 104 S.Ct. at 908–09; *Ex parte Young,* 209 U.S. 123, 156–60, 28 S.Ct. 441, 452–54, 52 L.Ed. 714 (1908); *DeVargas v. Mason & Hanger–Silas Mason Co. Inc.,* 844 F.2d 714, 718 (10th Cir.1988); *Gray,* 715 F.Supp. at 1043; *Johnson,* 779 F.Supp. at 156. A federal court may grant injunctive relief against a state official acting in his or her official capacity to remedy a continuing violation of federal law. *Ramirez,* 41 F.3d at 589.

The continuing violation exception to Eleventh Amendment immunity is not without limitations. In *Ex Parte Young,* the Supreme Court noted that the state official must have the power to perform the act required in order to overcome the jurisdictional bar of the Eleventh Amendment. *Ex*

*Parte Young,* 209 U.S. at 157, 28 S.Ct. at 452–53. None of the individuals that Klein has sued has the power to provide him with the relief he seeks—reinstatement. The Medical Center is part of the University of Kansas. Under K.S.A. § 76–714, the chief executive officer of the University is the Chancellor. The Chancellor serves "at the pleasure of" the Kansas Board of Regents. K.S.A. § 76–714. As chief executive officer, the Chancellor appoints all employees of the University, and those employees serve at the pleasure of the Chancellor. K.S.A. § 76–715. The court concludes that the current Chancellor is the only person with the authority to reinstate Klein to his former position if so ordered. Therefore, Klein's claims for injunctive relief against the individual defendants in their official capacities are dismissed.

### 3. Individual Defendants Sued in Individual Capacities

Klein also has sued the individual defendants in their individual capacities. "The Eleventh Amendment does not restrict civil damage suits against state officials in their individual capacities." *DeYoung v. State of Kan.,* 890 F.Supp. 949, 952–53 (D.Kan.), *aff'd,* 69 F.3d 547 (10th Cir.1995), *cert. denied,* — U.S. —, 116 S.Ct. 1882, 135 L.Ed.2d 177 (1996); *accord Hafer v. Melo,* 502 U.S. 21, 30–31, 112 S.Ct. 358, 364–65, 116 L.Ed.2d 301 (1991)("the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal' liability on state officials under § 1983") (internal quotations and citation omitted); *Whitney v. State of N.M.,* 113 F.3d 1170, 1173 (10th Cir.1997). These claims, therefore, remain.

### IV. Conclusion

The court summarizes its ruling as follows: Klein's request to file a second amended complaint is denied. Judge Theis is dismissed from this action. All civil rights claims against the Medical Center and the Board are dismissed. All civil rights claims against the remaining individual defendants in their official capacities are dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that Noel M. Klein's motion for

**1418**

leave to file a second amended complaint (Doc. 69) is denied.

IT IS FURTHER ORDERED that the Honorable Franklin R. Theis' Rule 12(b)(1) motion to dismiss (Doc. 27) is granted. Judge Theis is dismissed from the case. His Rule 12(b)(6) motion to dismiss (Doc. 77) is denied as moot.

IT IS FURTHER ORDERED that the motion to dismiss by defendant Civil Service Board (Doc. 19) is granted in part and denied in part.

IT IS FURTHER ORDERED that William M. Jones' motion to dismiss (Doc. 22) is granted in part and denied in part.

IT IS FURTHER ORDERED that Jolene Brauer's motion to dismiss (Doc. 50) is granted in part and denied in part.

IT IS FURTHER ORDERED that the motion to dismiss by the University of Kansas Medical Center, Richard D. Robards, Cliff Rovelto, Elissa Monroe, Linda Davies, Joe Bast, and Scott Ramsey (Doc. 75) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendant Frances Redmond is dismissed from the case.

IT IS FURTHER ORDERED that Noel M. Klein's claims predicated on 42 U.S.C. §§ 1981 and 1985 are dismissed.

The clerk shall mail copies of this order to counsel of record.

IT IS SO ORDERED.