Coltin v. Town of Londonderry          CV-98-170-JD  06/09/99
                 UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


David H. Coltin

        v.                              Civil No. 98-170-JD

Town of Londonderry, et al.


                              O R D E R


     The pro se plaintiff, David Coltin, moves the court for

reconsideration of its May 5, 1999, order granting the

defendants' motions for summary judgment (document no. 57).  The

plaintiff asserts a number of grounds in support of his motion to

reconsider.  Among other things, the plaintiff argues that the

failure of the defendants to preserve a videotape recording of

events that transpired on October 10, 1994, deprived him of

evidence that could have indicated that he was not threatening,

intimidating, or harassing on that date.  Therefore, he argues,

summary judgment should not have been entered against him.  The

plaintiff also asserts that the failure of the police to question

his son, pursuant to a purported police department policy,

resulted in their failure to acquire exculpatory evidence and led

to the eventual criminal charges against him.  The court

addresses the arguments seriatim.

## Discussion

The First Circuit Court of Appeals has held that challenges to the correctness of a judgment are properly characterized as motions under Fed. R. Civ. P. 59(e). See National Metal Finishing, Inc. v. Barclays American/Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990) (citing Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989)). Under Federal Rule of Civil Procedure 59(e), altering or amending the judgment is within the trial court's discretion. See National Metal Finishing, 899 F.2d at 125; Willens v. University of Mass., 570 F.2d 403, 406 (1st Cir. 1978). A motion under Rule 59(e) may be granted to "correct manifest errors of law or fact or to present newly discovered evidence," Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989), or if there is an intervening change in the law. National Metal Finishing, 899 F.2d at 124 & n.2; Johnson v. Wefald, 779 F. Supp. 154, 155 (D.Kan. 1991). In the interest of providing finality to judgments, Rule 59(e) does not permit the losing party to reiterate arguments the court previously considered and rejected or to raise new legal theories that should have been raised earlier. See National Metal Finishing, 899 F.2d at 123 (citing FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)); see also, FDIC v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992)

2

(precluding new legal theories that could, and should, have been raised earlier).

As recounted more fully in the court's May 5, 1999, order, the events underlying this case have their origin in the plaintiff's arrival at the residence of defendant Ethel Coltin on October 10, and 20, 1994, and the plaintiff's subsequent prosecution on charges of stalking that arose from the incidents. Part of the events of October 10, 1994, were recorded by defendant Frank Rapisardi on a videotape which was subsequently turned over to the Londonderry police.

On February 8, 1995, the Portsmouth District Court, Jury Trial Division, dismissed the criminal charges against David Coltin underlying the immediate action. The record indicates that the plaintiff and/or his counsel viewed the videotape during the pendency of the criminal proceedings against the plaintiff, on or around January 20, 1995.[1] On March 2, 1995, the court denied the state's motion to reconsider. David Coltin brought the immediate action on February 28, 1998. After the conclusion of the criminal proceedings against the plaintiff, the tape was returned to Ethel Coltin.

---

[1]In his motion for reconsideration, the plaintiff states that he should have been permitted the opportunity to view the videotape prior to January 20, 1995. See Plf's. Mot. to Reconsider at 5. Additionally, defendant William Hart, Jr., stated in his answers to interrogatories that he informed the plaintiff that he could view the videotape at the Londonderry Police Department, and that indeed the plaintiff and/or his counsel did ultimately view the tape. See Plf's. Obj. to Defs'. Mot. for Summary Judgment, Ex. 4 at 7 (document no. 38).

The plaintiff filed a motion to produce the videotape as evidence in the immediate case on June 10, 1998. On the basis of Ethel Coltin's affidavit that the videotape was erased and perhaps discarded in 1995, Magistrate Judge James Muirhead denied the motion. See Plf's. Mot. to Produce at 1. However, the magistrate expressly stated it was "without prejudice to any motions based upon a failure to preserve evidence." Id.

The plaintiff filed no motions on the basis of spoliation of evidence. See Townsend v. American Insulated Panel, Co., 174 F.R.D. 1, 4 (D. Mass. 1997). Nor does evidence in the record indicate that the plaintiff was actually prejudiced by the loss of the videotape. See Vazquez-Corales v. Sea-Land Servs., Inc., 172 F.R.D. 10, 13-14 (D.P.R. 1997). Both the police report and the interrogatories of William Hart indicate that the tape depicted behavior consistent with the charges of harassment and intimidation. See Defs'. Mot. for Summary Judgment, Ex. 14 at 2 (document no. 27); Plf's. Obj. to Defs'. Mot. for Summary Judgment, Ex. 4 at 7. There is no countervailing evidence in the record.[2] Moreover, the record reflects the plaintiff's adept usage of affidavits. See Plf's. Mot. for Reconsideration, Ex. 2; Plf's. Obj. to Def's. Mot. for Summary Judgment, Ex. 13 (document no. 36).

---

[2]The court further notes that the record indicates at the time of the tape recording's destruction, the criminal charges against David Coltin had been dismissed and the immediate case had not yet been filed. Moreover, the Rockingham County Superior Court order to preserve the videotape was dated October 6, 1995, while Ethel Coltin attests that she destroyed the tape in early 1995. See Defs'. Coltin and Rapisardi Mot. in Opposition to Plf's. Mot. to Produce Evidence at 1 (document no. 22).

4

The plaintiff next contests the failure of the police to question his son and provides, for the first time, an affidavit of his son as to the events on October 20, 1994.[3] The consideration of new evidence not timely presented earlier depends on an analysis of the following factors: "(1) the reasons for the failure to file the evidence in a timely fashion; (2) the importance of the evidence to the moving party's case; (3) whether the evidence was available before the summary judgment decision was made; and (4) the likelihood that the non-moving party will suffer prejudice if the motion to alter is granted." International Marine Carriers v. The Oil Spill Liability Trust Fund, 914 F.Supp. 149, 151 (S.D.Tex. 1995).

Although the plaintiff does not address the issue of the admissibility of the evidence, Aaron Coltin attests that he was unable to provide evidence beforehand due to an illness. Even assuming that the admission of the evidence is warranted, the testimony of Aaron Coltin would not change the outcome of this case. As he stated in the affidavit:

> I was occupied in the bathroom when my father arrived at 11 Jay Drive. When I eventually exited the bathroom I realized that there was some type of conflict outside. At that time I went to a back room and turned on the television in order to avoid the conflict that was occurring. I don't recall my father acting in a threatening manner.

Plf's. Mot. to Reconsider, Ex. 2. Furthermore, Aaron Coltin attests that he was "influenced by the plaintiff to write [the] affadavit [sic]." This evidence does not create a triable issue

---

[3]The plaintiff's son cannot recall the events of October 4, 1994, as he was upset by them.

5

as to whether there was probable cause in the case at hand and therefore does not change the outcome of the summary judgment order.[4]

The court finds any remaining issues unworthy of further discussion.

## Conclusion

For the reasons discussed above, the plaintiff's motion for reconsideration is denied (document no. 57).

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 9, 1999

cc:  David H. Coltin, pro se
     Dyana J. Crahan, Esquire
     Jay Eric Printzlau, Esquire

---

[4]To the extent that the plaintiff repeats his earlier arguments premised upon visitation rights, the court deems such arguments unworthy of discussion.  See National Metal Finishing, 899 F.2d at 123.

6